UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Shawn Clarke Spottswood, | |
| Plaintiff, | Case No. 19-cv-1331 (MJD/ECW) |
| v. | **ORDER** |
| Washington County MN and Deputy Sarah Peulen, | |
| Defendants. | |

---

This case is before the Court on a document filed by Plaintiff Shawn Clarke Spottswood ("Plaintiff" or "Spottswood") titled "scheduling order for Nov. 5th changes" (Dkt. 46) and Defendants Washington County and Deputy Sarah Peulen's (collectively, "Defendants") Motion to Quash Subpoena (Dkt. 52). For the reasons stated below, the Court denies the Motion to Amend and grants in part and denies in part the Motion to Quash Subpoena.

## I.   BACKGROUND

Spottswood is a Minnesota resident whom state authorities charged in 2015 with one count of possessing burglary tools—a set of "jiggler keys"[1]—in violation of Minn. Stat. § 609.59. (*See* Dkt. 26 at 1;[2] *see also* Register of Action, *State v. Spottswood*, No.

---

[1]   The Court understands "jiggler keys" to be keylike tools that can help one open a lock even if one does not have its actual key.

[2]   All citations to documents filed in this Court use the page numbers provided by the Court's CM/ECF filing system.

82-CR-15-4099 (Minn. Dist. Ct.).)  A jury convicted Spottswood after a March 2017 trial.  (*See* Order on Mot. for J. of Acquittal 1, *State v. Spottswood*, No. 82-CR-15-4099 (Minn. Dist. Ct. Apr. 17, 2017) ("Acquittal Order").)  Spottswood moved for a judgment of acquittal, however, and the trial court granted that motion.  (*See id.* at 2.)  Specifically, the trial court found that the State had not met its trial burden of showing § 609.59's intent element.[3]  (*See* Mem. at 3, *State v. Spottswood*, No. 82-CR-15-4099 (Minn. Dist. Ct. Apr. 17, 2017).)  The State filed a notice of appeal (and Spottswood a cross-appeal), but later voluntarily dismissed the appeal before any briefing occurred.  (*See, e.g.*, Not. of Dismissal at 1, *State v. Spottswood*, No. A17-0615 (Minn. Ct. App. June 20, 2017).)  The investigation and prosecution of Spottswood provides the gravamen for this civil suit.

Spottswood filed this action's initial Complaint on May 20, 2019.  (*See* Dkt. 1 at 1.)  The Court ordered him to file an addendum stating the capacity in which he sought to sue certain individual defendants; he filed an addendum in August 2019.  (*See* Dkt. 3; Dkt. 4.)  The addendum did not clarify in which capacity the individual defendants were being sued.  (*See* Dkt. 4.)  Spottswood then filed certain documents indicating that he wanted to file an amended complaint, and the Court entered an order permitting him to do so.  (*See* Dkts. 9-11.)  Spottswood submitted the Amended Complaint on October 21,

---

[3]   Section 609.59 reads as follows:

> Whoever has in possession any device, explosive, or other instrumentality with intent to use or permit the use of the same to commit burglary or theft may be sentenced to imprisonment for not more than three years or to payment of a fine of not more than $5,000, or both.

2

2019, but later he also filed a motion asking this Court to refer him to the Federal Bar Association's Pro Se Project ("PSP"). (*See* Dkt. 14; Dkt. 21.) In January 2020, the Court entered an order granting Spottswood's request for a PSP referral; noting certain problems in the Amended Complaint; and indicating that if Spottswood did not further amend his pleading, the Court would likely recommend the Amended Complaint's dismissal. (*See* Dkt. 22.) It appears that Spottswood has not been able to obtain a lawyer through the PSP, but he did file a Second Amended Complaint on March 11, 2020. (Dkt. 26.)

The Second Amended Complaint asserts claims against Washington County, whose authorities charged and prosecuted Spottswood in his criminal trial and also administered the Washington County Jail ("WCJ"), where county authorities held Spottswood for a period of time; four individual defendants identified as involved in Spottswood's investigation and prosecution: (1) Sarah Peulen, a police deputy working for Washington County; (2) Tom Wedes, the prosecutor in Spottswood's case; (3) Tad Jude, a judge who handled parts of the criminal case; and (4) Gary Schurrer, a second judge who also handled the case and who oversaw the eventual trial; and unnamed WCJ employees. (*See, e.g.*, *id.* at 1-4.) On June 10, 2020, the Court recommended that Spottswood's claims against Defendants Judge Jude, Judge Schurrer, Wedes, and the unnamed WCJ employees be dismissed from this action and that Spottswood's claims against Peulen—his Fourth Amendment claim, as well as his state-law claims for malicious prosecution, abuse of process, and wrongful imprisonment—proceed. (Dkt. 27 at 23.) The Court also recommended the dismissal of any possible § 1983 claim against

3

Washington County based on the County's vicarious liability for Peulen's allegedly unconstitutional conduct and that Washington County remain in the action solely for purposes of assessing its potential vicarious liability based on Peulen's alleged state-law violations. (*Id.*) The Court also ordered Spottswood to complete a Marshal Service Form for Peulen and return it to the Clerk's Office so that the Clerk of Court could seek waiver of service from Peulen. (*Id.* at 24.) Finally, the Court directed the U.S. Marshal service to effect service of process on Washington County. (*Id.* at 25.)

Spottswood did not file objections to the Court's June 10, 2020 Order and Report and Recommendation; neither did Defendants. On July 28, 2020, U.S. District Judge Michael J. Davis adopted the Report and Recommendation and dismissed Spottswood's claims against Judge Jude, Judge Schurrer, Wedes, and the unnamed WCJ employees, as well as Spottswood's claims against Washington County based on vicarious liability for the allegedly unconstitutional conduct of Peulen. (Dkt. 35.)

Peulen and Washington County answered the Second Amended Complaint on August 31, 2020. (Dkt. 41.) On October 5, 2020, the Court issued a Pretrial Scheduling Order setting a deadline for amending the pleadings of November 5, 2020; a fact discovery deadline of April 5, 2021; a dispositive motion deadline of June 7, 2021; and a trial-ready date of October 5, 2021. (Dkt. 43.)

Spottswood filed his "scheduling order for Nov 5th changes," which was postmarked November 5, 2020 and received by the Clerk's Office on November 9, 2020. (Dkt. 46, 46-1.) Given the substance of the document and that it referenced a November 5 deadline, which is the deadline for motions to amend the pleadings (Dkt. 43 at 2), the

4

Court construed it as a Motion to Amend and ordered Defendants to respond by December 8, 2020.[4] (Dkt. 48.) Defendants filed their response on December 8, 2020. (Dkt. 49.)

On February 11, 2021, Defendants filed their Motion to Quash. (Dkt. 52.) The Motion to Quash is directed to two subpoenas, the first directed to "WASHINGTON COUNTY SHERIFF'S DEPARTMENT AND OR SARAH PUELEN" and the second to "WASHINGTON COUNTY ATTORNEY (PROSICUTORS) THOMAS WEEDS." (Dkt. 56, Exs. A-B at 3-4.) Both subpoenas seek the production of "CASE FILE NO. 82-CR-4099 all ESI and stored information, objects (any property of shawn s), and permit inspection, copying, testing, or sampling of the material." (*Id.*) The Court directed Spottswood to file his response by February 25, 2021 (Dkt. 59), and Spottswood's response was received by the Clerk's Office on February 23, 2021 (Dkts. 60, 60-1.)

## II. MOTION TO AMEND

### A. Legal Standard

Rule 15(a) sets the general standard for amending pleadings in Federal court. Fed.

---

[4] To some extent, Spottswood's November 5 filing could be interpreted as objections to the June 10 Report and Recommendation or some kind of motion for reconsideration. However, any such objections would be extremely late because his filing did not occur within 14 days after being served with the Report and Recommendation, *see* D. Minn. LR 72.2(b)(1), and in fact his filing occurred several months after the Order adopting the Report and Recommendation issued on July 27, 2020 (*compare* Dkt. 35 (Order issued July 28, 2020), *with* Dkt. 46 (mailed November 5, 2020).) To the extent Spottswood seeks reconsideration of the Report and Recommendation, he did not seek permission to file a motion to reconsider as required by Local Rule 7.1(j). In view of these facts, and because Spottswood's filing references the November 5 deadline to file motions to amend, the Court has construed the November 5 filing as a Motion to Amend.

5

R. Civ. P. 15. Rule 15(a) provides that leave to amend "[t]he court should freely give leave when justice so requires." The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. *See, e.g.*, *Niagara of Wisc. Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986) (citation omitted). The Eighth Circuit has held that although amendment of a pleading "should be allowed liberally to ensure that a case is decided on its merits . . . there is no absolute right to amend." *Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650-51 (8th Cir. 1996) (citing *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989); *Chesnut v. St. Louis Cnty.*, 656 F.2d 343, 349 (8th Cir. 1981)).

Denial of leave to amend may be justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation omitted) ("A district court's denial of leave to amend a complaint may be justified if the amendment would be futile."). "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, in reviewing a denial of leave to amend we ask whether the proposed amended complaint states a cause of action under the *Twombly* pleading standard . . . ." *Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010) (citation and marks omitted); *see also In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007) ("[W]hen a court denies leave to amend on the

ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion . . . .").

On a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must take the well-pleaded allegations of a claim as true, and construe the pleading, and all reasonable inferences arising therefrom, most favorably to the pleader. *See Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**B.     Analysis**

Spottswood's Motion to Amend is a three-page document stating that he would like to have Wedes "put back on the complaint" and Judge Jude, Judge Schurrer, and "judge Richard illka" "added for liability." (Dkt. 46 at 1.) Spottswood states that he wishes to sue Peulen in her individual and official capacities, asserts that he has Fourth Amendment and Eighth Amendment claims, and sets forth a rationale for the damages he seeks. (*Id.* at 1-2.) Spottswood did not file the required copy of the proposed amended pleading, or a version showing how the proposed amended pleading differs from the Second Amended Complaint, with his Motion to Amend. *See* D. Minn. LR 15.1(b).

7

Defendants argue that the Motion to Amend should be denied because Spottswood seeks to add the same defendants and claims that the Court has already dismissed. (Dkt. 49 at 2.) Defendants also argue that there is no justification to permit Spottswood leave to amend in view of the repeated opportunities he has been given to resolve issues with his pleadings and because the claims he seeks to add are futile. (*Id.* at 3-4.) Finally, Defendants describe the Motion to Amend as frivolous and ask the Court in their opposition to impose sanctions against Spottswood under Federal Rule of Civil Procedure 11. (*Id.* at 5.)

The Court denies the Motion to Amend for several reasons. As an initial matter, permitting the amendment would have the effect of circumventing Judge Davis's Order adopting the Report and Recommendation and dismissing various defendants and claims as set forth above. If Spottswood disagreed with the Report and Recommendation, the proper course would have been for Spottswood to file objections to the Report and Recommendation within the 14 days required by Local Rule 72.2(b)(1) and as instructed in the Notice section of the Report and Recommendation (Dkt. 27 at 24), not revisit the issue months after adoption of the Report and Recommendation. If Spottswood wanted Judge Davis to revisit his July 27 Order, he should have filed a letter to Judge Davis requesting permission to file a Motion to Reconsider. *See* D. Minn. LR 7.1(j). He did neither.

Moreover, Spottswood has not explained why his proposed addition of claims against Judge Jude, Judge Schurrer, and Wedes would not be futile in view of the dismissal of those claims on immunity grounds. (*See* Dkt. 27 at 14-18 (recommending

dismissal on immunity grounds); Dkt. 35 (adopting Report and Recommendation).) As for Judge Illka, Spottswood does not explain why he believes he has a claim against Judge Illka, much less why such a claim would not be futile in view of the doctrine of judicial immunity. "Denying leave to amend on grounds of futility is appropriate when a pleading is so deficient that 'the court is convinced that its defects cannot be cured through re-pleading.'" *Stoebner v. Opportunity Fin., LLC*, 562 B.R. 368, 378-79 (D. Minn. 2016) (quoting *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 832 (D. Minn. 2012)), *aff'd*, 909 F.3d 219 (8th Cir. 2018).

Further, Spottswood has failed to cure the deficiencies in his pleadings despite being given repeated opportunities to do so. (*See, e.g.*, Dkt. 3 (directing Spottswood to state the capacity in which he sought to sue certain individual defendants); Dkt. 11 (permitting Spottswood to file amended complaint); Dkt. 22 (noting certain problems in amended complaint and directing Spottswood to further amend his complaint). As to Spottswood's request to sue Peulen in her individual and official capacities (Dkt. 46 at 1), the Court directed him to specify the capacity in which he sought to sue the then-named defendants on July 2, 2019 (Dkt. 3 at 1) and again raised the capacity issue and directed Spottswood to specify the capacity in which he sought to sue Peulen, and any other individual defendants, on January 13, 2020 (Dkt. 22 at 6, 8-10). Spottswood elected to sue Peulen in her individual capacity in March 2020 (Dkt. 26 at 3 ("Deputy Sarah Peulen (individual capacity)")) and waited another eight months to seek to add claims in her official capacity (Dkt. 46 at 1). His repeated opportunities to fix issues with his pleadings and his undue delay in seeking to sue Peulen in her official capacity constitute further

grounds for denying leave to amend. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (proper to deny leave to amend for undue delay and repeated failure to cure deficiencies by amendments previously allowed).

Finally, the Court considers Defendants' request for sanctions under Rule 11. Defendants did not file a separate motion seeking sanctions, nor does it appear that Defendants gave Spottswood 21 days to withdraw his Motion to Amend, both of which are required by Rule 11(c)(2). *See* Fed. R. Civ. P. 11(c)(2). Accordingly, the request for sanctions is denied.

### III.   MOTION TO QUASH

**A.   Legal Standard**

Federal Rule of Civil Procedure 45 provides a means by which a person can be commanded to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control" "at a specified time and place." Fed. R. Civ. P. 45(a)(1)(A). "Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas to obtain discovery from non-parties." *B. Riley FBR, Inc. v. Clarke*, No. 18-CV-2318 (NEB/BRT), 2020 WL 2488045, at *1 (D. Minn. May 13, 2020).

In contrast, "[t]he usual means to obtain documents from a party is a Rule 34 document request." *Mid-Continent Eng'g, Inc. v. Toyoda Mach. USA, Corp.*, No. CV 07-3892 (DSD/SRN), 2008 WL 11463528, at *6 (D. Minn. Oct. 27, 2008). Rule 34 provides that "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, copy, test,

or sample . . . any designated documents or electronically stored information." Fed. R. Civ. P. 34(a)(1).

**B.    Analysis**

Defendants ask the Court to quash the subpoenas on several grounds: because the subpoenas seek documents from parties and the proper method of seeking documents from parties is to use Rule 34 requests, not by issuing subpoenas under Rule 45 (Dkt. 55 at 2-3); because the subpoenas seek information that is protected by the attorney-client privilege and the work-product doctrine (*id.* at 3-4); and because the subpoenas are vague (*id.* at 5). The Court addresses these arguments below.

First, the Court considers Defendants' argument that the subpoenas should be quashed "because it is unclear what is even being sought by Spottswood" and because the vagueness of the subpoenas renders Defendants incapable of a response. (*Id.* at 5.) Spottswood responds that his request is not vague, he is "asking for all of it. I won the case, I want all of it. Exactly what it says on the subpoena form, all esi and tangible things in the possession." (Dkt. 60 at 1; *see also id.* at 2 ("i was very specific, I want everything on file").) The Court agrees with Spottswood that his request for the case file is not vague, and indeed the fact that Defendants argue that the "county attorney's case file" is protected by the attorney-client privilege and work-product doctrine (Dkt. 55 at 3) indicates that Defendants understand what documents Spottswood seeks.

Next, the Court considers Defendants' second argument, which is that the subpoenas should be quashed because they seek material protected by the attorney-client privilege or the work-product doctrine. (*Id.* at 3-4.) Spottswood responds: "How could

11

[trial preparation material regarding Spottswood's psychological aspects] be privileged information since [counsel] used everything he had at me at trial already?"  (Dkt. 60 at 1.) Defendants cite several cases for the general proposition that a court must quash a subpoena if it requires disclosure of privileged or work-product protected materials; that a case file "contains the mental impressions, opinions and legal theories of the prosecutor," rendering it privileged and/or trial preparation material; and that a county attorney has an attorney-client relationship with the county and its employees.  (Dkt. 55 at 4-5.)

What is unclear to the Court, however, is whether the case file at issue contains only materials protected by the attorney-client privilege or work-product doctrine, or if the case file contains materials that are discoverable in this action.  Defendants did not cite any case holding that an entire criminal case file, as a matter of law, is protected from discovery, and it appears that it is not unheard of for portions of a criminal case file to be produced in discovery.  *See, e.g.*, *Bridges v. City of Charlotte*, No. 3:16-CV-564-GCM, 2017 WL 5715986, at *1 (W.D.N.C. Nov. 28, 2017) (portions of public defender's case file produced in discovery); *Velazquez v. City of Chicopee*, 226 F.R.D. 31, 32 (D. Mass. 2004) ("As part of his effort to obtain discovery, [plaintiff] has sought access to the case file from his 1988 trial, which is in the possession of the Hampden County District Attorney's office.  The District Attorney has voluntarily produced portions of the file but has withheld certain documents based on the 'deliberative process' privilege, which is designed to protect certain communications between decision-makers such as the District Attorney and his subordinates.") (further ordering that certain of the documents asserted to be protected by deliberative process could be used "in the discovery and trial" of

case)). While the Court recognizes that portions of the case file may well be protected from production, the Court cannot conclude on the record that the entire case file is protected by the attorney-client privilege or work-product doctrine. Indeed, based on the current record, which lacks any specificity as to what the case file contains, the Court cannot make any finding that any particular document in the case file is so protected.

Finally, the Court considers Defendants' argument that the subpoenas should be quashed because they are directed to parties and Spottswood should have served requests for production under Rule 34. (Dkt. 55 at 2-3.) It is true that "[t]he usual means to obtain documents from a party is a Rule 34 document request." *Mid-Continent Eng'g*, 2008 WL 11463528, at *6. While this provides a basis for quashing the subpoena as to Washington County and Peulen, *see id.* (granting motion to quash subpoena for deposition and documents directed to defendant's CEO), some courts have chosen to convert a subpoena into a Rule 34 request under these circumstances, *see, e.g.*, *Williams v. EAN Servs., LLC*, No. 5:20-CV-36 (MTT), 2020 WL 3977616, at *3 (M.D. Ga. July 14, 2020) (granting motion to quash but deeming subpoena a Rule 34 request and setting 30-day deadline to respond); *Gilkey v. ADT Sec. Servs., Inc.*, No. 11-1369-JAR-KGG, 2012 WL 2449893, at *1 (D. Kan. June 26, 2012) (describing earlier decision granting motion to quash subpoena served on defense counsel but holding that documents requested by the subpoena should be treated as Rule 34 request with responses due 30 days after receipt); *N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*, 186 F.R.D. 317, 321 (S.D.N.Y. 1999) (describing motion to quash based on argument that subpoena recipient "can be treated as a party" and that party issuing subpoena should have proceeded under Rules 30 and 34 as

13

"frivolous;" querying: "[W]hy didn't [plaintiff and plaintiff's attorney in fact] simply treat the subpoenas as Rule 34 requests (and Rule 30 deposition notices)?  Why force the Court to read a motion to quash the subpoenas so they can be re-labeled?"; and expressing concern that plaintiff was trying to avoid producing "some non-privileged documents").  Moreover, one of the subpoenas is directed to Wedes, who—as discussed above and as Spottswood argues (Dkt. 60 at 2)—has been dismissed from this action and is no longer a party to this case.  Accordingly, there is no inherent procedural defect with Spottswood subpoenaing Wedes for documents.

The Court considers what to do with a subpoena directed to a third party (Wedes) and a subpoena directed to a party (Washington County) that both seek the same information, at least some of which is likely protected by the attorney-client privilege or work-product protection.  "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45." *Lemoine v. Mossberg Corp.*, No. 3:18-CV-01270 (KAD), 2020 WL 3316119, at *1 (D. Conn. June 18, 2020) (cleaned up).  "In addition, pursuant to Rule 26, courts are required to limit discovery if, inter alia, it can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* (cleaned up).  Defendants do not contend that Washington County does not have the sought-after case file in its possession, custody, or control; they simply contend that Spottswood should have served a Rule 34 request rather than a subpoena. (*See* Dkt. 55 at 3.)  Here, the Court concludes that the subpoena to Wedes should be quashed because it appears that the case file can be obtained from a party in this action

14

(Washington County) rather than third-party Wedes.  The Court also finds that it would be inefficient to quash the subpoena to Defendants and require Spottswood to serve a Rule 34 request instead, which would simply delay resolution of this matter.[5]  The Court therefore converts the subpoena to Washington County and Peulen to a Rule 34 request.  Defendants are ordered to respond to the request within 30 days from the date of this Order in a manner consistent with the Federal Rules of Civil Procedure, including Rule 26(b)(5)(A).  If Defendants have an appropriate basis for doing so, they may object on grounds of attorney-client privilege or work-product protection.

**C.     Other Matters**

The Court addresses a few other matters raised by the briefing.  At one point in his opposition, Spottswood suggests that it was improper for Defendants to file a proposed order with their Motion to Quash.  (*See* Dkt. 60 at 2 ("On the docket no. 57 did they make a motion paper for the judge to just sign already filled out?  Pretty ambitious of them defendants [sic] lawyers isn't it?").)  There was nothing improper with Defendants' filing of a proposed order; in fact, Defendants were required to do so under the Local Rules.  *See* D. Minn. LR 7.1(b)(1)(F) (requiring filing of a "proposed order (an editable copy of which must be emailed to chambers)").

Elsewhere in his opposition, Spottswood suggests that Defendants did not attempt

---

[5]    Defendants ask the Court to "direct Spottswood to follow the Federal Rules of Civil Procedure as it relates to discovery requests." (Dkt. 55 at 1.)  All parties, including Spottswood, should follow the Federal Rules of Civil Procedure, but the Court sees no point at this stage in the case in quashing the subpoenas in favor of a duplicative Rule 34 request to Washington County.

15

to meet and confer with him (Dkt. 60 at 1) and raises the issue of initial disclosures (although the nature of his concern is unclear) (*id.* at 2 ("To save time and money I figured I would have all and everything correct in initial disclosure. I thought that was a rule in litigation?")). Without making any finding of improper behavior, the Court reminds counsel and the parties that they are all obligated to comply with the requirements of the Local and Federal Rules.

Finally, Defendants seek reasonable attorney's fees incurred by Defendants in responding to the subpoenas and what they describe as Spottswood's "antics." (Dkt. 55 at 5-6.) The request for fees is denied. As indicated in Section III.B, the Court does not find Defendants' vagueness and privilege/work-product arguments persuasive, and given that the Court is converting the subpoena to Defendants into a Rule 34 request, an award of fees is not appropriate.

Finally, the Court considers the schedule. Fact discovery is currently set to close on April 5, 2021. (Dkt. 43 at 2.) Given the timing of the Motion to Quash and this Order, the Court finds good cause for a modest extension of certain deadlines in the schedule. Accordingly, the deadline for fact discovery is extended until May 3, 2021 solely to permit Washington County to respond to the Rule 34 request for the case file. The deadline to bring non-dispositive motions relating to fact discovery is extended until June 3, 2021. The dispositive motion deadline is extended until July 2, 2021, and the case shall be ready for trial by November 1, 2021. All other aspects of the Pretrial Scheduling Order remain unchanged.

16

IV.     **ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff Shawn Clarke Spottswood's "scheduling order for Nov. 5th changes" (Dkt. 46), construed as a Motion to Amend, is **DENIED**.

2. Defendants Washington County, MN and Deputy Sarah Peulen's Motion to Quash Subpoenas (Dkt. 52) is **GRANTED** insofar as the subpoena to Tom Wedes is **QUASHED** and **GRANTED** insofar as the subpoena to Washington County and Deputy Sara Peulen is converted into a Rule 34 request. Defendants shall have 30 days from the date of this Order to respond to the Rule 34 request consistent with the Federal Rules of Civil Procedure. The Motion to Quash Subpoenas is otherwise **DENIED**.

3. The deadline for fact discovery is extended until **May 3, 2021** solely to permit Washington County to respond to the Rule 34 request for the case file. Disputes with regard to discovery shall be called immediately to the Court's attention by the making of an appropriate motion, and shall not be relied upon by any party as a justification for not adhering to this pretrial schedule. The parties are reminded that they must comply with Local Rule 37.1 of the U.S. District Court for the District of Minnesota before bringing any discovery-related motion.

4. All nondispositive motions (including those that relate to discovery and the discovery period) shall be served on the other party or their attorney, if they are represented by an attorney, and filed with the Court by **June 3, 2021**. All nondispositive motions must comply with Local Rules 7.1(a) and (b), and 37.1 of the U.S. District Court for the District of Minnesota. Responses to nondispositive motions shall be served on the other party or their attorney, if they are represented by an attorney, and filed with the Court on or before **14 days** following service of the original motion. All nondispositive motions will be considered on the written pleadings without oral argument, unless the Court determines there is a specific need to hold such a hearing. If any party fails to respond to a motion, the failure to respond will be treated as a default, and the relief requested in the motion may be granted.

5. All dispositive motions shall be served on the other party or their attorney, if they are represented by an attorney, and filed with the Court by **July 2, 2021**. All dispositive motions must comply with Local Rule 7.1(c) of the U.S. District Court for the District of Minnesota. Responses to dispositive motions shall be served on the opposing party or their attorney, if they are represented by an attorney, and filed with the Court on or before **25 days** following service of the original motion. Replies to dispositive motions, or a letter stating that no reply will be filed, shall be served and filed **14 days** following service of the response to the dispositive motion. All dispositive motions will be considered on the written pleadings without oral argument, unless the Court determines there is a specific need to hold such a hearing. If any party fails to respond to a motion, the failure to respond may be treated as a default, and the relief requested in the motion may be granted.

6. This case shall be ready for trial on **November 1, 2021**. Plaintiff has demanded a jury trial. If the case is set for trial, the parties shall advise the Court of the anticipated length of any trial.

Dated: March 5, 2021                              *s/Elizabeth Cowan Wright*
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge